UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
Civil Action No. 3:26-CV-229-CRS

JAIDEN STONE-MASON                                                    PLAINTIFF

v.

JARRED PERKINS and                                                   DEFENDANTS
BRANDON JEWELL

*** *** ***

## COMPLAINT AND JURY DEMAND

Plaintiff, Jaiden Stone-Mason ("Jaiden" or "Plaintiff"), states the following in support of his claims against Defendants, Jarred Perkins ("Perkins") and Brandon Jewell ("Jewell")(collectively "Defendants").

### PARTIES and JURISDICTION

1.      Plaintiff is a resident of Bardstown, Kentucky.

2.      Perkins and Jewell are officers with the Nelson County Sheriff's Department and/or were during the time of the incidents giving rise to this cause of action.

3.      The facts giving rise to this cause of action occurred in the Western District of Kentucky, and Defendants are otherwise subject to the personal jurisdiction of this Court.

4.      Plaintiff's claims include federal claims that grant jurisdiction in this Court, and the Court has supplemental jurisdiction over Plaintiff's related state law claims.

5.      Jurisdiction and venue in this Court are otherwise proper.

**FACTS**

6.      On or about July 22, 2025, Plaintiff saw police lights behind him. Once he realized he was being pulled over, he slowly pulled into the Freddy's restaurant parking lot as a safe place to park.

7.      Plaintiff parked in a parking space, rolled his window down and placed his hands out the window so that the officers would know he was not a threat.

8.      It was daylight at approximately 1:40 p.m.

9.      Plaintiff was in the vehicle with his dog, a small pug named Kodak.

10.     Defendants approached his vehicle with their weapon(s) drawn and ordered him to get out of the vehicle.

11.     Before Plaintiff could comply, Defendants opened Plaintiff's door and physically began trying to pull him out of the vehicle.

12.     Plaintiff had his seat belt on, and Defendants pulled Plaintiff out of his vehicle and pressed him against the rear door.

13.     Perkins (and possibly Jewell) then began tasing Plaintiff at the direction of Jewell.

14.     Perkins and/or Jewell threw Plaintiff to the ground, and Perkins (and possibly Jewell) continued to tase Plaintiff while he was on the ground.

15.     Perkins and/or Jewell then pepper sprayed Kodak, who was barking due to Plaintiff being attacked.

16.     Plaintiff did not pose any or enough danger to Defendants to warrant Defendants' unreasonable and excessive use of force, including yanking Plaintiff out of his vehicle, tasing him, throwing him to the ground, continuing to tase him, and pepper spraying his dog.

17.     Defendants did not have probable cause to seize Plaintiff from his vehicle.

18.    Defendants' conduct was willful, in bad faith, malicious, and/or with reckless disregard for Plaintiffs' rights.

19.    Such conduct violated Plaintiffs' Fourth Amendment rights to be protected from unreasonable searches and seizures without probable cause and his Eight Amendment right to be free from cruel and unusual punishment.

20.    Such conduct violates 42 U.S.C. § 1983.

21.    Defendants were not acting within the scope of their discretionary authority.

22.    Defendants' conduct violated Plaintiffs rights that were so clearly established that any reasonable officer in their position would have clearly understood that they were under an affirmative duty to refrain from such conduct.

23.    Defendants are not entitled to qualified immunity.

24.    Defendants restrained, confined and held Plaintiff against his will, depriving him of liberty without consent.

25.    Defendants falsely imprisoned Plaintiff.

26.    Defendants' conduct constituted battery and false arrest.

27.    Defendants' conduct was deliberate, unreasonable, and/or with gross disregard for Plaintiffs' rights.

28.    Defendants' conduct exceeded all reasonable bounds of decency and was outrageous and intolerable in a civilized community.

29.    The conduct caused severe emotional distress to Plaintiffs.

30.    Thus, it amounts to the tort of outrage.

31.     Defendants have violated Section 10 of the Bill of Rights of the Kentucky Constitution to be free from unreasonable search and seizure and to be free from warrants without probable cause, and without description as nearly as may be.

32.     As the result of each and every cause of action, Plaintiff suffered damages, including physical and emotional injuries, past, present, and future, in amounts to be determined by the jury, punitive damages, and his attorney fees, court costs, and interest.

**WHEREFORE**, Plaintiff respectfully request this Court:

1. Grant trial by jury;

2. Enter Judgment against Defendants and in Plaintiff's favor, including compensatory damages, punitive damages, court costs, interest at the legal rates, and attorney's fees; and

3. Grant any and all other relief the Court or jury deems appropriate.

Respectfully submitted:


/s/ Joshua T. Rose
Joshua T. Rose
ABELL ROSE LLC
108 S. Madison Ave.
Louisville, KY 40243
(502) 450-5611
jrose@abellroselaw.com

*Counsel for Plaintiff*